IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**MICHAEL THEODORE MUTAFIS,**

       **Plaintiff,**

v.                                                                                **Civil Action No. 5:20cv71**
                                                                               **(Judge Bailey)**

**NORTH CENTRAL REGIONAL JAIL;**
**CORRECTIONAL OFFICER WOMAN IN TOWER;**
**DEPT. OF CORRECTIONS "WVA" COMMISSIONER;**
**TIM BOWEN, Ex. Administrator of N.C.R.J.,**

       **Defendants.**

**REPORT AND RECOMMENDATION**

Plaintiff has a filed a Complaint under 42 U.S.C. § 1983 [Doc. 1] and a Motion for Leave to Proceed *in forma pauperis* [Doc. 2] with a Prisoner Trust Account Report (Doc. 3) and Consent to Collection of Fes. Doc. 4. This case is assigned to the Honorable John Preston Bailey and referred to the undersigned United States Magistrate Judge for submission of a Report and Recommendation for disposition pursuant to 29 U.S.C. § 636(b)(1)(B).

**I.**        **Factual and Procedural History**

The plaintiff is currently detained at the North Central Regional Jail apparently awaiting a parole revocation hearing. The plaintiff alleges that "around 2003," he was incarcerated at the North Central Regional Jail and was jumped by seven inmates. Following the investigation, the plaintiff alleges that a staff member woman, who worked in the tower, told the inmates she would like to see him beat. The plaintiff alleges that he

suffered multiple injuries. The plaintiff further alleges that continues to suffer nerve damage to his face and back injuries. Although the plaintiff alleges that he has not filed any other state or federal lawsuit dealing with these same facts, a search of the plaintiff's name establishes that he filed a § 1983 action on May 16, 2003, which appears to involve the same assault. That case was dismissed without prejudice on November 7, 2003, after the plaintiff failed to pay the initial partial filing fee as ordered. See 1:03-cv-00075-IMK.

## II. Standard of Review

Because the plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), a court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous. See Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[1] or when the claims rely on factual

---

[1] *Id.* at 327.

allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). This includes claims in which the plaintiff has little or no chance of success. See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

### III. Analysis

For purposes of determining the appropriate statute of limitations, claims filed pursuant to 42 U.S.C. § 1983 are analogous to "general personal injury actions." Wilson v. Garcia, 471 U.S. 261, 279 (1985). Thus, their timeliness is determined based upon the relevant state limitations period for personal injury actions.

W.Va. Code § 55-2-12(b) provides:

> Every personal action for which no limitation is otherwise prescribed shall be brought: (a) within two years next after the right to bring the same shall have accrued if it be for damage to property; (b) within two years next after the right to bring the same shall have accrued if it be for damages for personal injuries; and (c) within one year next after the right to bring the same shall have accrued if it be for any other matter of such nature that, in case a party dies, it could not have been brought at common law by or against his personal representative.

In this case, the plaintiff's claims against the defendants are clearly outside the two-year applicable statute of limitations. The complaint clearly states that the plaintiff was injured in 2003. Given the extensive injuries that the plaintiff alleges that he incurred, he clearly was aware of his claim on that date. This case was filed seventeen years after the alleged incident. Accordingly, the plaintiff's claims against the defendants[2] are time-barred.

---

[2] Because the undersigned has determined that the plaintiff's complaint is time barred, a specific analysis of the plaintiff's claim against each defendant has not been undertaken.

The undersigned recognizes that the statute of limitations is an affirmative defense, which means that the defendant generally bears the burden of affirmatively pleading its existence. See Fed.R.Civ.P 8(c); Dean v. Pilgrim's Pride Corp., 395 F.3d 471, 474 (4th Cir. 2005)("the raising of the statute of limitations ...constitutes an affirmative defense.") Moreover, where a defendant has failed to raise a statute of limitations defense by way of its answer, the defense is usually waived. See Peterson v. Air Line Pilots Ass'n Int'l, 759 F.2d 1161, 1664 (4th Cir. 1985). Because the statute of limitations is a waivable defense, its restrictions are not jurisdictional in nature, and in an ordinary civil case, "the district court should [refrain] from raising and considering the statute of limitations defense *sua sponte*." Eriline Company S.A. v. James P. Johnson, 440 F.3d 648, 657 (4th Cir. 2006). However, the Fourth Circuit has also recognized that the statute of limitations may be addressed *sua sponte* when such a defense appears on the face of either a petition for habeas corpus filed pursuant to 28 U.S.C. § 2254, see Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002), or a complaint filed *in forma pauperis* pursuant to 28 U.S.C. § 1915, see Nasim v. Warden, Md. House of Corrections, 64 F.3d 951, 953-54 (4th Cir. 1995). In Nasim, the Court concluded that, in evaluating a complaint filed *in forma pauperis* pursuant to § 1915, a district court may consider a statute of limitations defense *sua sponte* when the face of the complaint plainly reveals the existence of such defense. See 64 F.3d at 943-54. In reaching this conclusion, the Court observed that, in eliminating the requirement for paying costs, §

---

However, neither the North Central Regional Jail nor the Department of Corrections is a person subject to suit under § 1983.

1915 removed "any economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits," and therefore presented the potential to overburden the judicial system with patently meritless lawsuits. Id. Moreover, § 1915 requires a district court to screen initial filings and directs a district court to dismiss a complaint filed *in forma pauperis* "at any time if the court determined that...the action or appeal...is frivolous or malicious...[or] fails to state a claim on which relief may be granted." § 1915(3)92)(B)(I)-(ii). Accordingly, the Court explained that this screening authority distinguishes *in forma pauperis* suits and establishes a justification for an exception to the general rule that a statute of limitations defense should not be raised and considered *sua sponte*. Id. at 953-54.   See also Castillo v. Grogan, 52 Fed. Appx. 750, 751 (6th Cir. 2002) (district court may *sua sponte* dismiss complaint as time-barred when the defect is obvious);   Alston v. Tennessee dept. of Corrections, 2002 WL 123688 * 1 (6th Cir. Jan. 28, 2002) ("Because the statute of limitations was obvious from the face of the complaint, *sua sponte* dismissal of the complaint was appropriate.); Fraley v. Ohio Gallia County, 1988 WL 789385 * 1 (6th Cir., Oct.30, 1998) (affirming *sua sponte* dismissal of *pro se* § 1983 action filed after two year statute of limitations for bringing such an action had expired); Hunterson v. Disbabato, 2007 WL 1771315 * 1 (3d Cir. June 20, 2007) (a district court may *sua sponte* dismiss a claim as time-barred where it is apparent from the complaint that the applicable limitations period has run); Pino v. Ryan 49 F.3d 51, 53-54 (2d Cir. 1995)(concluding that district court can raise statute of limitations defense *sua sponte* in evaluating complaint filed pursuant to § 1915).

Accordingly, even if the plaintiff might have a cause of action, it is apparent on the face of the complaint that the statute of limitations for bringing this claim expired many years before he filed this action. Therefore, the complaint should be dismissed on initial screening.

### IV.     Recommendation

For the foregoing reasons, the undersigned hereby recommends that the complaint be **DISMISSED with prejudice**. It is further **RECOMMENDED** that the Plaintiff's Motion To Proceed *in forma pauperis* [Doc. 2] be **GRANTED**, and the applicable fee be **WAIVED.**

The Plaintiff shall have fourteen days from the date of entry of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to send a copy of this Report and Recommendation to the *pro se* Plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket. In addition, because this Report and Recommendation completes the referral from the District Court, the Clerk is **DIRECTED** to terminate the Magistrate Judge association with this case.

DATED: May 26, 2020

*/s. James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE